UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

DANIEL MANN,

          Plaintiff,

-vs-                                         Case No. 6:06-cv-1217-Orl-28UAM

LEOR CONSTRUCTION, LLC, ,

          Defendant.

_____

REPORT AND RECOMMENDATION

TO THE UNITED STATES DISTRICT COURT

This cause came on for consideration without oral argument on the following motion:

| | |
|---|---|
| MOTION: | JOINT MOTION TO APPROVE SETTLEMENT (Doc. No. 28) |
| FILED: | June 20, 2007 |
| THEREON it is **RECOMMENDED** that the motion be **GRANTED** in part and **DENIED** in part. | |

Plaintiff Daniel Mann seeks to hold Defendant Leor Construction, LLC ("Leor") liable for allegedly failing to pay him overtime wages in violation of the Fair Labor and Standards Act of 1938, as amended, 29 U.S.C. § 216(b) ("FLSA"). Mann worked as a project superintendent from June 1, 2005 to June 6, 2006, and claims that he was not paid any wages for the 7.5 hours of overtime he worked each week. Doc. No. 15-2. The parties have agreed to settle the case,[1] and have filed a

---

[1] Mann filed his complaint "on his own behalf and others similarly situated." Doc. No. 1. Mann's complaint states that the Plaintiff is "Richard Cole," although the inclusion of Cole appears to be a mistake. *See id.* at 1, ¶ 1. No other plaintiff filed a consent to join this FLSA action, and no other individual was added as a plaintiff. Only Mann

motion in which they ask the Court to approve their fully-executed "Settlement Agreement and General Release" and to dismiss this case "as well as any and all other pending claims between the [p]arties with prejudice." Doc. Nos. 28 at 4, 31-2.

First, the Court does not have jurisdiction to dismiss "any and all other pending claims" between the parties. Mann did not allege any claims in this case other than his claim under the FLSA, and Leor did not file a counterclaim. The Court therefore makes no findings as to any other pending claims except in the case now before the Court

Next, before the Court may approve the settlement of the FLSA claim, it must scrutinize the settlement to determine whether it is a fair and reasonable resolution of a bona fide dispute. *Lynn's Food Stores, Inc. v. United States, U.S. Dep't of Labor*, 679 F.2d 1350, 1354-55 (11th Cir. 1982). If a settlement in an employee FLSA suit reflects "a reasonable compromise over issues," such as FLSA coverage or computation of back wages that are "actually in dispute," the court may approve the settlement "in order to promote the policy of encouraging settlement of litigation." *Id.* at 1354.

In the instant case, Leor has agreed to pay a total of $4,000 in four separate allocations: (1) $500 to Mann as back wages, (2) $500 to Mann for liquidated damages, and (3) $2,500 to Mann's counsel for attorney's fees, and (4) $500 to Mann's counsel for costs. *See* Doc. Nos. 28 at 3-4, 31-2 at 2. The Court has reviewed the proposed settlement and finds the settlement is a fair and reasonable

---

and Leor entered into the settlement agreement. *See* Doc. No. 28-2.

resolution of a bona fide dispute.[2] The case involved disputed issues of FLSA coverage, and each party was represented by independent counsel, who were obligated to vigorously represent their client.

For the reasons stated above, it is therefore

**RECOMMENDED** that parties' Joint Motion to Approve Settlement (Doc. No. 28) be **GRANTED** in part. The Settlement Agreement (Doc. No. 31-2) should be approved; the case should be dismissed the case with prejudice; and the Clerk should be directed to close the case. The Joint Motion should be otherwise **DENIED** as to the request to dismiss "any and all other pending claims between the [p]arties . . ." *See* Doc. No. 28 at 4.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on June 19, 2007.

Donald P. Dietrich
United States Magistrate Judge

Copies furnished to:

The Honorable John Antoon II
Counsel of Record
Courtroom Deputy

---

[2] Both parties urge this Court to approve the Settlement Agreement, including the amount to be paid to Mann's counsel in fees and costs. The Court, therefore, finds it unnecessary to inquire into the reasonableness of the hourly rate charged by Plaintiff's counsel, and accepts the parties' stipulation as to the reasonableness of the attorneys' fees and costs.